IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:17-CV-00010-MOC-DSC

| | |
|---|---|
| **JOEL STEVENS et. al.,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| v. ) | |
| ) | **MEMORANDUM AND ORDER** |
| **ATRICURE INC. et. al.,** ) | |
| ) | |
| ) | |
| **Defendants.** ) | |

**THIS MATTER** is before the Court on Defendant Atricure Inc.'s "Motion to Transfer [Venue]" (document # 53) and the parties' briefs and exhibits.

Plaintiff, a Colorado resident, filed this False Claims Act ("qui tam") action on January 10, 2017.

On March 15, 2021, the United States declined to intervene. See document #29.

On September 3, 2021, Defendant Atricure Inc. which is headquartered in Ohio, filed its Motion to Transfer Venue to the Southern District of Ohio. The other Defendants consent to the Motion.

The Court has carefully reviewed the Motion, the record and the authorities. Under 28 U.S.C. § 1404(a), the district court may "[f]or the convenience of parties and witnesses, in the interest of justice, ... transfer any civil action to any other district or division where it might have been brought." The question of transfer under section 1404(a) is committed to the sound discretion of the district court. See Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988); Brock v. Entre Computer Ctrs., Inc., 933 F.2d 1253, 1257 (4th Cir.1991).

The Court must first determine whether the case could have been brought in the transferee district. If venue in the transferee district is proper, as it is here, the Court must then consider the following factors in deciding whether the matter should be transferred:

> (1) the plaintiff's initial choice of forum; (2) the residence of the parties; (3) the relative ease of access of proof; (4) the availability of compulsory process for attendance of witnesses and the costs of obtaining attendance of willing witnesses; (5) the possibility of a view; (6) the enforceability of a judgment, if obtained; (7) the relative advantages and obstacles to a fair trial; (8) other practical problems that make a trial easy, expeditious, and inexpensive; (9) the administrative difficulties of court congestion; (10) the interest in having localized controversies settled at home and the appropriateness in having the trial of a diversity case in a forum that is at home with the state law that must govern the action; and (11) the avoidance of unnecessary problems with conflict of laws.

Scholl v. Sagon RV Supercenter, LLC, 249 F.R.D. 230, 239 (W.D.N.C. 2008). See also Jim Crockett Promotions, Inc. v. Action Media Group, Inc., 751 F. Supp. 93 (W.D.N.C. 1990). Defendant has "the burden of persuasion and must show (1) more than a bare balance of convenience in [its] favor and (2) that a transfer does more than merely shift the inconvenience." Datasouth Computer Corp. v. Three Dimensional Tech. Inc., 719 F.Supp. 446, 451 (W.D.N.C. 1989). Courts should make both a quantitative and a qualitative analysis of these factors. McDevitt & Street Co. v. Fidelity and Deposit Co., 737 F.Supp. 351, 354 (W.D.N.C.1990).

### A. **Plaintiffs' Choice of Forum**

Plaintiff's choice of forum is given considerable weight and "unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." Collins v. Straight, Inc., 748 F.2d 916, 921 (4th Cir.1984) (quoting Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508 (1946)). See Brown v. Flowers, 297 F.Supp.2d 846, 850 (M.D.N.C.2003) (citing Collins), aff'd, 196 Fed.Appx 178 (4th Cir.2006). Defendant bears a particularly heavy burden when it moves pursuant to Section 1404(a) to transfer an action from a district where venue is proper.

Borgwarner, Inc. v. Honeywell Intern., Inc., No. 1:07cv184, 2008 WL 394991, at *3 (W.D.N.C. February 11, 2008). As this Court has previously noted, it is "black letter law," that "plaintiff's choice of a proper forum is a paramount consideration in any determination of a transfer request, and that choice ... should not be lightly disturbed." Phillips v. S. Gumpert Co., Inc., 627 F.Supp. 725, 726-27 (W.D.N.C.1986) (citations omitted). See Piper Aircraft Co. v. Reyno, 454 U.S. 235, 255-56 (1981).

Here, Plaintiff has no connection to this forum other than his counsel. This District is neither Plaintiff's residence nor the place where the operative events occurred. No false claims payments are alleged to have been made here. No fact witnesses or evidence are located here. This Court need not "stand as a willing repository for cases which have no real nexus to this district." Windy City Innovations, LLC v. Microsoft Corp., No. 1:15-CV-00103-GCM, 2016 WL 1048069, at *4 (W.D.N.C. Mar. 16, 2016). Transfer will generally be granted "where this district 'is neither the plaintiff's residence, nor the place where the operative events occurred.'" Id. at *2 (quoting Husqvarna AB v. Toro Co., No. 3:14-CV-103-RJC-DCK, 2015 WL 3908403, at *2 (W.D.N.C. June 25, 2015)).

The Fourth Circuit has held that the location of counsel is not a permissible consideration in the transfer analysis. In re Ralston Purina Co., 726 F.2d 1002, 1005 (4th Cir. 1984). See also Shaw v Apple, Inc., No. 5:17CV66-RJC-DSC, Document #67 (W.D.N.C. January 12, 2018) (transferring venue where Plaintiff's counsel was his only connection to this District); Blevins v. Pension Plan for Roanoke Plant Hourly Employees, No. 6:10-cv-03261-JMC, 2011 WL 2670590, at *8 (D.S.C. July 8, 2011).

The Fourth Circuit has also held that the convenience of paid expert witnesses carries no weight in the transfer analysis. In re Ralston Purina Co., 726 F.2d at 1006 n.6; see, e.g., Weishaupt

v. Boston College, No. 1:11-cv-1122, 2012 WL 1439030, at *4 (M.D.N.C. Apr. 24, 2012) (disregarding the convenience of expert witnesses); NanoEntek, Inc. v. Bio-Rad Labs., Inc., No. 2:11CV427, 2011 WL 6023189, at *6 (E.D. Va. Dec. 2, 2011) (same).

Applying those legal principles, the Court finds that the Plaintiffs' choice of forum is entitled to little weight.

### B.  The Relative Ease of Access to Proof

The bulk of the evidence is located in the Southern District of Ohio. There is no evidence in this District. This factor favors transfer.

### C.  The Availability of Compulsory Process for Attendance of Witnesses and the Costs of Obtaining Attendance of Willing Witnesses

Defendant's witnesses are located in the Southern District of Ohio. Plaintiff will incur travel expenses and other inconveniences whether this case proceeds here or in the Southern District of Ohio. This factor favors transfer.

### D.  Other Practical Problems That Make a Trial Easy, Expeditious, and Inexpensive

Although Plaintiff will have to travel regardless of the forum, as a whole, trial in the Southern District of Ohio will be less expensive. This factor favors transfer.

### E.  The Interest in having Localized Controversies Settled at Home and the Appropriateness in having the Trial of a Diversity Case in a Forum that is at Home with the State Law that must Govern the Action

This matter has no connection to this District. The Complaint does not allege that any false claim payments were made here. This factor favors transfer.

### F.  The Possibility of a Jury View

This factor favors transfer.

### G. Remaining Factors

The remaining factors—the parties' residence, relative advantages and obstacles to a fair trial, enforceability of a judgment, administrative difficulties of Court congestion, and avoiding unnecessary conflict-of-law problems—are neutral.

Having considered all of the factors individually, the Court also considers these factors cumulatively. Both quantitatively and qualitatively, these factors favor transfer. While Plaintiff chose this forum, he did so largely for the convenience of his counsel. That is not a relevant consideration. In re Ralston Purina Co., 726 F.2d at 1005.

Accordingly, the Court concludes that the interests of justice and convenience warrant granting Defendant's Motion to Transfer Venue under Section 1404(a).

**NOW IT IS THEREFORE ORDERED that**:

1. Defendant Atricure Inc.'s "Motion to Transfer [Venue]" (document # 53) is **GRANTED**.

2. The Clerk is directed to hold the file in this case until fourteen days after service of this Memorandum and Order when the parties' right of appeal to the Honorable Max O. Cogburn, Jr. expires. If no party appeals this Order, then the Clerk is directed to transfer this case to the United States District Court for the Southern District of Ohio.

3. The Clerk is directed to send copies of this Memorandum and Order to counsel for the parties and to the Honorable Max O. Cogburn, Jr.

**SO ORDERED**.

Signed: October 12, 2021

David S. Cayer
United States Magistrate Judge