———————————————————————x
| | )  **Civil Action No. 3:17-cv-10** |
| --- | --- |
| | ) |
| THE UNITED STATES OF AMERICA, and | ) |
| | ) |
| THE STATES OF CALIFORNIA, COLORADO, CONNECTICUT, DELAWARE, FLORIDA, GEORGIA, HAWAII, ILLINOIS, INDIANA, IOWA, LOUISIANA, MARYLAND, MASSACHUSETTS, MICHIGAN, MINNESOTA, MONTANA, NEVADA, NEW HAMPSHIRE, NEW JERSEY, NEW MEXICO, NEW YORK, NORTH CAROLINA, OKLAHOMA, RHODE ISLAND, TENNESSEE, TEXAS, VERMONT, VIRGINIA, and WASHINGTON; THE DISTRICT OF COLUMBIA; THE COUNTY OF ALLEGHENY; and THE CITIES OF CHICAGO, NEW YORK, and PHILADELPHIA, | ) |
| | ) |
| *ex rel.* JOEL STEVENS | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| *v.* | ) |
| | ) |
| ATRICURE, INC., ST. HELENA HOSPITAL, AND ADVENTIST HEALTH | ) |
| | ) |
| Defendants. | ) |

## DECLARATION OF ROSS B. BROOKS

I, Ross B. Brooks, hereby declare as follow

1. I am the Founder and Principal of The Brooks Law Firm, LLC and am co-lead counsel to the Relator in the above-captioned proceeding.

1

2. I provide this Declaration in Support of Relator's Objections to the Order to Transfer Venue (the "Order") (D.E. #65). Unless otherwise indicated below, the statements in this declaration are based on my personal knowledge.

3. As set forth in the accompanying Objections, Relator contends *inter alia* that the Order is premised upon the erroneous factual assumption that the Relator selected the Western District of North Carolina (WDNC) for the convenience of his counsel.

4. Prior to the formation of The Brooks Law Firm in September 2019, I was a Partner and the Co-Chair of the whistleblower practice at Sanford Heisler Sharp, LLP, f/k/a Sanford Wittels & Heisler ("Sanford Heisler"). I was employed with Sanford Heisler at the time that Relator identified WDNC as a potential venue for this action, at the time Relator retained me as his counsel in this action, and at the time Relator's original complaint in this action was filed in WDNC.

5. On or about April 14, 2016, Relator disclosed in an intake form maintained by Sanford Heisler that he first identified the Southern District of Texas as a potential venue in which to file his action when he became aware that AtriCure had entered into a 2010 settlement agreement with the United States Department of Justice ("DOJ") to resolve *qui tam* claims that had been brought in that district. Relator further disclosed that he was aware that the whistleblower in the Texas case was represented by Sanford Heisler.

6. Relator also disclosed in the April 14, 2016 Sanford Heisler intake form that he first identified WDNC as a potential venue in which to file his action when he became aware that Defendant Adventist entered into a 2015 settlement agreement with DOJ to resolve qui tam claims that had been brought in WDNC.

7. Within the same timeframe, Relator stated to me that he had focused his search on the United States Attorneys' offices ("USAO") in WDNC and the Southern District of Texas because each of these offices had successfully investigated one of the companies he was aware had participated in the unlawful off-label marketing and kickback scheme he was to allege in his complaint. Relator also confirmed that he had disclosed his allegations to both WDNC and the Southern District of Texas.

8. On or about April 20, 2016, Relator retained me as his counsel. Upon learning of Relator's disclosures to prosecutors in the two venues, I contacted both USAOs to learn the status of DOJ's investigation. I was informed at that time that WDNC had opted to take on the case in lieu of the Southern District of Texas.

9. Relator also disclosed to me at that time an April 8, 2016 email in which a representative of OIG/HHS[3] informed him that WDNC would be proceeding with the case in lieu of the Southern District of Texas. The OIG/HHS representative advised Relator that they had been in discussions with prosecutors from both WDNC and the Southern District of Texas and that the Government would be moving forward with an investigative interview of Relator on behalf of WDNC, with that office's Assistant United States Attorney Jon Ferry present on the call.

10. While there were other venues sufficiently connected to this action I might otherwise have considered, I chose to defer to the real party in interest in this case, the Government. My decision to file in WDNC was guided by DOJ's signal that this District was well suited to handle this nationwide *qui tam* action.

---

[3] OIG/HSS refers to the Office of the Inspector General of the United States Department of Health and Human Services.

3

11. Once we determined that Relator's complaint would be filed in this District, I recommended that Relator retain one of the known top *qui tam* firms in North Carolina, the Rabon Law Firm, to join me as his co-counsel. When I left Sanford Heisler to start my own law firm in 2019, Relator continued his engagement with my new firm, and with the Rabon Law Firm.

12. In 2021, DOJ declined to intervene in Relator's case but encouraged Relator's counsel to proceed on a non-intervened basis. Thereafter, Mr. Rabon and I recommended that Relator retain one of the known top trial firms in North Carolina, Lewis & Roberts PLLC, to join as Relators' trial counsel. Relators' legal team now consists of co-lead counsel The Brooks Law Firm, the Rabon Law Firm and Lewis & Roberts PLLC.

13. I did not recommend that Relator file in WDNC due to any convenience to me or my law firm Sanford Heisler. I operated out of Sanford Heisler's New York office and Sanford Heisler has never even had a North Carolina office.

14. I recommended that Relator file in WDNC in deference to the preference expressed by DOJ, which had signaled that WDNC was the appropriate United States Attorneys' office to handle the case after previewing Relator's evidence.

I declare under penalty of perjury that the foregoing is true and correct.
Executed on October 27, 2021.

_____
Ross B. Brooks